```
        THE UNITED STATES DISTRICT COURT
     FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

R.S., a minor, by and through )
his Father, RONALD E. SOLTES, )
                              )
          Plaintiff,          )
                              )
v.                            )         1:16CV119
                              )
BOARD OF DIRECTORS OF         )
WOODS CHARTER SCHOOL COMPANY, )
WOODS CHARTER SCHOOL, and     )
DOES 1 TO 10, INCLUSIVE.      )
                              )
          Defendants.         )

## **MEMORANDUM ORDER**

This case is before the court on the motion of Plaintiff R.S., a minor, by and through his father, Ronald E. Soltes, to file a second amended complaint that would add claims and Defendants to this action. (Doc. 31.) Defendants Board of Directors of Woods Charter School Company and Woods Charter School oppose the motion (Doc. 34), and Plaintiff has filed a reply (Doc. 35). For the reasons set forth below, the motion will be denied.

This case has been unnecessarily plagued by delay. The action was filed on February 16, 2016, challenging the decision of a State Review Officer as to the special education of R.S. under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 ("IDEA"). (Doc. 1.) Defendants filed answer in May 2016, and the parties filed initial Rule 26(f) reports in August 2016. (Docs.

8, 12, 15.) Plaintiff sought additional electronic discovery and agreed to complete discovery and seek leave to add parties or amend pleadings by December 29, 2016. (Doc. 15 at 2.)

An initial pretrial conference was held on August 29, 2016, after which the Magistrate Judge permitted Plaintiff to brief the request for electronic discovery. Following briefing, the Magistrate Judge issued a Memorandum Opinion and Order denying Plaintiff's request for additional discovery. (Doc. 19 at 14–15.) The action would proceed on review of the administrative record, which was being gathered. The parties were given until February 14, 2017, within which to file a joint Rule 26(f) report. (Id. at 15.) The parties agreed to a mediation schedule but differed on a schedule for dispositive motions. (Doc. 20 at 2-4.) Plaintiff sought a schedule that would permit the filing of an amended complaint that purported to include "additional facts and legal grounds challenging the Review Officer's Decision," additional defendants who allegedly "violated Plaintiff's right of privacy by using electronic equipment," and the "identity of DOES 1-10, who used personal electronic equipment to disclose confidential information regarding Plaintiff." (Id. at 3.) On February 22, 2017, the Magistrate Judge granted Plaintiff until March 24, 2017, to file a motion to amend with a redlined version of the proposed amended complaint.

On March 24, 2017, Plaintiff moved to amend the complaint and filed a proposed first amended complaint that was redlined, as required. (Doc. 23.) Plaintiff urged that the amendment could not be prejudicial as it "simply clarifies the grounds supporting Plaintiff's appeal of the SRO Decision." (Id. at 5.) Nor could the amendment cause delay, Plaintiff represented, "because the Court has already denied Plaintiff's motion for electronic discovery and Defendants do not seek to conduct discovery." (Id.) Defendants opposed the amendment. (Doc. 24.)

A mediator was appointed, but Plaintiff's counsel failed to be present for the mediation within the time allowed. (Doc. 26 at 1–3.) Thereafter, Plaintiff's counsel moved to withdraw, with the consent of Plaintiff. (Docs. 27, 28.) The Magistrate Judge granted the motion to withdraw and stayed the deadline for filing dispositive motions to the earlier of 90 days or until new counsel appeared.

On August 3, 2017, the undersigned granted Plaintiff's motion for leave to file the first amended complaint and extended Plaintiff's deadline for filing the new pleading until the earlier of ten days after the appearance of Plaintiff's substitute counsel or August 31, 2017. (Doc. 29.) Plaintiff's new counsel appeared on August 31 and filed the first amended complaint that same day. (Docs. 30, 32.) However, new counsel also moved to file a second

3

amended complaint – the instant motion. (Doc. 31.) Upon motion of Defendants, the Magistrate Judge stayed the time to respond to the first amended complaint pending disposition of the motion to file the second amended complaint.

Leave to amend is governed by Federal Rule of Civil Procedure 15. Plaintiff acknowledges that the first amended complaint can be amended again "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave is to be freely granted "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) (noting that although district courts should freely grant leave to amend a complaint, a court may deny leave when an amendment would be futile, i.e., when it fails to state a claim); Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (noting that a district court need not approve an amendment where doing so would be prejudicial to the opposing party, is the result of bad faith, or would be futile).

Here, Plaintiff's 52-page second amended complaint seeks to

4

add both claims and parties. (Doc. 31-7.) Plaintiff has not provided a redline version of the complaint, and the PDF version Plaintiff filed is not word-searchable. The caption drops the Board of Directors of Woods Charter School (although it is referenced in the body of the pleading) and seeks to add the North Carolina State Board of Education, the North Carolina Department of Public Instruction, and seven persons in both their individual and official capacities: Lawrence Smiley, Christopher Beeson, Kathleen St. Lawrence, Cotton Bryan, Dee Nachmen, Amy Odom, and Donna Huff. (Id. at 1.) However, none of these individuals is addressed in the recitation of the parties, and three of them, Beeson, Nachmen and Huff, are not named anywhere in the body of the pleading. The pleading seeks to add against the individual Defendants claims of intentional infliction of emotional distress (ninth claim of relief) and negligent infliction of emotional distress (tenth claim of relief). (Id. at 47–49.) There is no claim for invasion of privacy, which Plaintiff had mentioned earlier.

Plaintiff contends that these claims were intended to be included in the first amended complaint. (Doc. 35 at 11-13.) If that is so, Plaintiff subsequently elected against it. The proposed second amended complaint seeks to transform this action from an appeal of the State Review Officer's decision into a new

5

lawsuit against new Defendants based on newly-asserted substantive claims for injunctive relief and damages. It would unnecessarily delay the resolution of the action. The new Defendants would be entitled to a reasonable time to retain counsel, evaluate and respond to the action, file appropriate motions, conduct discovery, consider and file dispositive motions, and prepare for any trial. Plaintiff's representation that the new parties would have four to six weeks within which to conduct additional discovery (Doc. 31 at 9) therefore vastly underestimates the delay that would result. Discovery has closed over a year ago, and the court granted Plaintiff's request to file the first amended complaint because he specifically represented that it only clarified the existing causes of action and did not add parties or claims.

Plaintiff rests the delay on his obtaining new counsel in the action, who was reportedly pressed for time to cure any deficiencies and "without access to all information provided to original counsel." (Id. at 10.) This may be, but it was <u>Plaintiff</u> who wished to dismiss his former counsel well into the action, and the court generously granted him 90 days to find a new lawyer. Plaintiff cannot now complain that he did not have sufficient time to retain his counsel. New counsel steps into this action as it has developed, complete with its prior history.

Moreover, the proposed pleading is fraught with problems. It

proposes to add claims against individuals in their official capacity, even though those claims would be redundant of claims against the school. Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004). Three individuals sought to be added are not even mentioned in the body of the lawsuit, and the claims against them would be futile. Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995) (noting that "the district court was justified in denying [plaintiff's] motion to amend her complaint because the proposed amendments could not withstand a motion to dismiss"). Moreover, the intentional and negligent infliction of emotional distress claims fail to name which Defendant or Defendants are allegedly liable, instead impermissibly lumping them together as "defendants." (Doc. 31-7 at 47–49.) These claims are subject to dismissal for that reason alone. Snipes v. Alamance Cnty. Clerk of Courts, 1:11CV1137, 2013 WL 4833021, at *4 (M.D.N.C. Sept. 10, 2013) ("The failure to specify which Defendant allegedly took what action(s) renders these claims deficient."); Bryant v. Wells Fargo Bank, Nat'l Ass'n, 861 F. Supp. 2d 646, 660 (E.D.N.C. 2012) (concluding that a complaint's general reference to "Defendants" violated the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2)); Bentley v. Bank of Am., N.A., 773 F. Supp. 2d 1367, 1373–75 (S.D. Fla. 2011) (dismissing a plaintiff's claims for "improperly lump[ing] Defendants together").

Leave to amend is ordinarily freely given.  However, there is no justification for the undue delay in this case.  This case has been pending for almost two years, and the motion to file the second amended complaint seeks to enlarge and transform the action.  It will be denied, and this case will proceed to resolution forthwith.

For all these reasons, therefore,

IT IS ORDERED that Plaintiff's motion for leave to file a second amended complaint (Doc. 31) is DENIED.  The court directs the Magistrate Judge to set a date for the existing Defendants to respond to the first amended complaint, deadlines for the filing of dispositive motions, and any other deadline deemed appropriate.

/s/   Thomas D. Schroeder
United States District Judge

January 9, 2018